IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WANDA CHARNOCK

      Plaintiff,

    v.

ROGER D. ANDERSON, et al.

      Defendants.

Case No. 2:14-cv-472

CHIEF JUDGE EDMUND A. SARGUS, JR.

Magistrate Judge Elizabeth Preston Deavers

## ORDER

Pending before the Court is Plaintiff Wanda Charnock's ("Plaintiff") motion for default judgment against Defendant Marietta Ambulance Service, Ltd. ("Marietta Ambulance") (ECF No. 16). For the reasons set forth below, the motion is **DENIED without prejudice**.

### I. Background

Plaintiff brings this suit on behalf of herself and other similarly situated individuals (the "FLSA Collective") to recover damages from co-defendants Roger D. Anderson ("Anderson") and Marietta Ambulance (collectively "Defendants"). The six-count complaint claims Defendants failed to pay employees, including Plaintiff and the FLSA Collective, certain wages required by state and federal law. According to the complaint, Anderson is an incorporator of Marietta Ambulance Service Ltd. and exercised operational control over Marietta Ambulance at all times relevant to this action. (ECF No. 1.)

Count one avers that Defendants failed to pay overtime wages to Plaintiff and the FLSA Collective in violation of 29 U.S.C. § 207(a)(1). Count two alleges Defendants paid Plaintiff and the FLSA Collective less than the applicable minimum hourly wage rate required under 29 U.S.C. § 206. Count three contends Defendants violated the Ohio Minimum Fair Wage

Standards Act ("OMFWSA"), O.R.C. chapter 4111, and Art. II, § 34 of the Ohio Constitution by failing to calculate and pay Plaintiff and the FLSA Collective the minimum hourly wage rate. Count four avers Defendants failed to pay Plaintiff and the FLSA Collective applicable overtime wages required by O.R.C. § 4111.03. Count five is a breach of contract claim contending Defendants failed to pay wages that were the subject of an agreement between Defendants and Plaintiff. Court six avers that Defendants failed to pay all wages due to Plaintiff within the time specified by the Ohio Prompt Pay Act, O.R.C. § 4113.15.

Plaintiff filed this complaint against Defendants on May 19, 2014. (ECF No. 1.) The Clerk of Court issued service to Marietta Ambulance by certified mail on June 6, 2014. (ECF No. 3.) Service was completed on Marietta Ambulance on June 9, 2014. (ECF No. 4.) Pursuant to Federal Rule of Civil Procedure 12(a)(1), Marietta Ambulance was required to file its answer within 21 days after being served. Fed. R. Civ. P. 12(a)(1). As of the date of this order Marietta Ambulance has not answered or otherwise responded to Plaintiff's complaint.

## II. Plaintiff's Motion for Default Judgment

The court considers Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55. Rule 55 provides that a party seeking default judgment must follow a set of sequential actions. First the party must move for the Clerk to enter default judgment under Rule 55(a). *See O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 352 (6th Cir. 2003). Plaintiff so moved and the Clerk entered default judgment on July 30, 2014. (ECF No. 10.) Next, the party must apply to the court for a decision on whether to grant default judgment. Fed. R. Civ. P. 55(b)(2).

In this case, the Court must consider the motion for default judgment against Defendant Marietta Ambulance while Plaintiff's claims against co-defendant Anderson are pending. When

default judgment is sought against one defendant in a case involving multiple defendants, "the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1988 WL 93305, at \*3 (6th Cir. 1988); *see also Alig-Mielcarek v. Jackson,* No. 2:11-cv-00255, 2013 WL 6000975, at \*4 (S.D. Ohio Nov. 12, 2013); *Charvat v. DFS Services LLC*, 781 F. Supp. 2d 588, 591 (S.D. Ohio 2011).

This rule is narrow and applies in general where joint liability is alleged against the co-defendants. *Kimberly*, 1988 WL 93305, at \*3. Here, the two defendants are alleged to be jointly and severally liable for each of Plaintiff's claims, thus the aforementioned rule applies. Accordingly, an entry of judgment against defendant Marietta Ambulance is not appropriate at this time.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment against Marietta Ambulance is **DENIED without prejudice**. The Clerk is hereby directed to remove this motion from the Court's pending motion list. Plaintiff may move the Court for permission to reactivate the default judgment motion upon final determination of the merits of this action.

**IT IS SO ORDERED.**

_____7 -1 - 2015_____
**DATED**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT CHIEF JUDGE**